IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 26-j-0001 |
| Plaintiff, | ) | |
| vs. | ) | Cr. No.: 26-20060 |
| | ) | |
| | ) | FILED IN OPEN COURT. |
| CALETTA WRIGHT, | ) | DATE: 2/24/26 |
| | ) | |
| Defendant. | ) | TIME: 2:20 |
| | | |
| PLEA AGREEMENT | | INITIALS: NWP |

The parties herein, the defendant, Caletta Wright (hereinafter, Wright), being represented by Leslie Ballin, and the United States being represented by the United States Attorney for the Western District of Tennessee, enter into the following Plea Agreement.

1. Wright agrees to:

(a) waive her right to indictment by grand jury, and trial by jury and all rights attached Thereto;

(b) plead guilty to the one-count Information in this case which charges her with Filing a False claim on the United States in violation of Title 18, U.S. Code, Section 287;

(c) waive her right to appeal any aspect of the sentence imposed if the total sentence of imprisonment imposed is within or below the sentencing guideline range as determined by the Court;

(d) waive any objections based on Fed. R. Evid. 410 to the use of any statements made by her in the course of the plea colloquy in any criminal prosecution;

(e) waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, her right to challenge the voluntariness of her guilty plea either on direct appeal, or in any collateral attack including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

(f) pay restitution to the Internal Revenue Service of at least $289,697, which represents the sum of the U.S. Treasury checks she received based on the two Forms 944s filed for her business and any other restitution to victims as required by law with the understanding that any Court ordered schedule for restitution payments is merely a minimum payment obligation and does not limit the methods by which the United States may immediately

enforce the judgment in full;

(g) pay the $100 mandatory assessment to be imposed as to the one count of conviction pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk following entry of her guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing;

(h) within twenty-one days of the entry of the plea, return a fully completed and executed Department of Justice Financial Disclosure statement under oath to the United States Attorney's Office ("USAO") and a release authorizing the USAO Financial Litigation Program to obtain Credit Reports;

(i) not to engage in any criminal conduct following entry of her guilty plea; and,

(j) be permanently enjoined under IRC §§ 7402, 7407, and 7408, from preparing, assisting in, directing or supervising the preparation or filing of federal tax returns, amended tax returns, or other related documents or forms for any person or entity for anyone other than herself or other than for an entity for which they have a legal obligation to file a tax return. Jones understands that the United States will file a civil complaint against her seeking this relief and related provisions, and Jones consents to the entry of a permanent injunction consistent with Fed. R. Civ. P. 65(d) in that separate civil action; and,

(k) that she is pleading guilty freely and voluntarily, after having consulted with counsel, and because she is guilty.

2. The United States agrees:

(a) to recommend that Wright receive the maximum applicable reduction for acceptance of responsibility provided that Wright complies with all of her obligations under the terms of this plea agreement; proof of any criminal conduct on the part of Wright between the time of execution of this agreement and sentencing shall be grounds for the government to withdraw from the agreement or to not recommend the maximum reduction for acceptance of responsibility;

(b) to recommend a sentence at the low end of the guideline range;

3. Wright acknowledges and understands that:

(a) except with respect to the agreement by the United States to recommend a sentence on the low end of the guideline range, she has not been promised a specific sentence;

(b) any estimate of the probable sentencing range she may have received from counsel, the government, or any other person/s, is a prediction not a promise and is not binding on the Court and that if the Court imposes a sentence greater than she expects, she will not be afforded an opportunity to withdraw her plea;

(c) the maximum possible penalty the Court may impose as to Count 1 in the Information is a term of imprisonment of 5 years, a fine of $250,000, 3 years supervised release, and a mandatory assessment of $100.00.

(d) any recommendations made by the United States under this agreement are not binding on the Court and that if the Court rejects any such recommendations she will not be allowed to withdraw her plea; and,

(e) the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement specifically, the United States will be free to use any prior statements that may have been made by Wright against her for any purpose, and will be free to seek the maximum sentence provided by law if:

    (1)    her plea of guilty is accepted and she later attempts to withdraw her plea for any reason other than the Court's rejection of the plea agreement;

    (2)    she engages in any new criminal conduct following entry of her guilty plea; or,

    (3)    she knowingly makes any false statements or testifies falsely at any future proceedings.

4. No threats have been made to induce Wright to plead guilty.

5. This Plea Agreement constitutes the entire agreement between the parties.

D. MICHAEL DUNAVANT
United States Attorney

By: _William Bateman_      Date 2/24/26
William C. Bateman III
Assistant United States Attorney

_[signature]_      Date 2.24.26
Leslie Ballin
Attorney for Defendant

_Caletta Wright_      Date 2/24/26
Caletta Wright
Defendant